### IN FRANKLIN SUPERIOR COURT.

### JOHN MORRIS, Indorsee, *vs.* CHARLES McCLAIN, Maker, and JOHN MORRIS, Indorser.

#### *Assumpsit.*

The maker of a promissory note cannot be sued with the indorser out of his county.

THE declaration in this case stated that Charles McClain was the maker of the note sued on, and that he resided in the county of Rabun in this State; and that John Morris was the indorser and lived in the county of Franklin, where suit was brought against them both.

At the appearance term, the counsel for defendant McClain, moved the court to dismiss the case, on the ground of want of jurisdiction, as the declaration of plaintiff showed McClain to be not a resident of Franklin county where suit commenced—That the indorser living in Franklin did not authorize the maker to be sued in that county; that the statute of 1826, only authorized the indorser to be sued in the county where the maker lived.

*Per Curiam.* The decision of this question must depend entirely on the construction given to the statute of this State, passed 26th December, 1826, (Daw. Dig.   ) declaring the liability of indorsers of promissory notes. This statute appears to have been passed for two objects. One was to dispense with the notice before that time required to be given to indorser, of a demand and refusal in order to bind them. The other to enable holders of promissory notes to sue the makers of notes and the indorsers in the same action. It cannot be considered necessary to support suits like the

present, in order to effect either of these objects. But on the contrary, much injustice would be done, if such a construction of the act of 1826 should be given as is now contended for by plaintiff. A person living in Rabun county gives his note payable at a certain day; before the note becomes due, it finds its way to Chatham or Camden and is indorsed by some one living there; suit is commenced in the county where the indorser lives, and a copy sent to Rabun and served on the maker, and he compelled to defend the suit in a court some 300 miles from home. This would certainly be to deprive him of the benefit of the constitutional privilege of being sued in the county where he lived, except in certain cases. What are those exceptions? The case of joint promissors and obligors. When he intends to subject himself to these exceptions, he does so voluntarily in joining in the note when made, or indorsing it afterwards—but when he makes a note alone he does not subject himself to the exceptions, nor can he be considered as consenting to be deemed a joint promissor with any one who may afterwards indorse his note and reside in a remote corner of the State.

The motion sustained and case dismissed.